IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY REYNOLDS** § | | **PLAINTIFF** |
| *Individually and on Behalf of the Heirs-* § | | |
| *At-Law and Wrongful Death* § | | |
| *Beneficiaries of Courtney Turner* § | | |
| *Reeves, Deceased* § | | |
| § | | |
| § | | |
| v. § | | Civil No. 2:24-cv-36-HSO-MTP |
| § | | |
| § | | |
| § | | |
| **PAUL OCKMAND, JR., et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE MOTION [14] TO AMEND COMPLAINT, DENYING WITHOUT
PREJUDICE MOTION [17] TO REMAND, DISMISSING COMPLAINT AS
AGAINST OCKMAND WITHOUT PREJUDICE, AND DENYING MOTION
[11] TO DISMISS AS MOOT**

This matter comes before the Court on Defendant Paul Ockmand, Jr.'s ("Ockmand") Motion [11] to Dismiss, and Plaintiff Kimberly Reynolds's ("Plaintiff") Motion [14] to Amend her Complaint and her Motion [17] to Remand this case to state court.  The Court has reviewed the parties' submissions and Defendants Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.'s Notice [1] of Removal, and for the reasons that follow, it will deny the Motion [14] to Amend and Motion [17] to Remand without prejudice, dismiss the Complaint as against Ockmand, and deny the Motion [11] to Dismiss as moot.

I. BACKGROUND

This case involves a vehicular collision that occurred on February 1, 2021, around 7:14 p.m. on Interstate Highway 59 in Lamar County, Mississippi. Ex. [1-1] at 17. According to the Complaint, Decedent Darryl Reeves, his wife, Decedent Courtney Turner Reeves, and Minor decedent LMR, the child of Darryl Reeves and Courtney Turner Reeves (collectively "Decedents"), were traveling south on Interstate 59 in a 2013 Toyota RAV4. *Id.* The RAV4 struck a deer on the driver's side of the vehicle and became disabled. *Id.* According to the Complaint, Decedent Darryl Reeves was apparently attempting to extricate his wife and child from the disabled RAV4 when Ockmand, also driving southbound in a 2018 Ford F-150 pickup truck, collided with Decedents' vehicle, killing all three of the Reeves. *Id.*

Plaintiff Kimberly Reynolds, an adult resident citizen of Mississippi, filed this case in the Circuit Court of Lamar County, Mississippi, on January 23, 2024, "individually and on behalf of the heirs-at-law and wrongful death beneficiaries of Courtney Turner Reeves, deceased." Ex. [1-1] at 1. The state-court Complaint names Paul Ockmand, Jr. ("Ockmand"); Toyota Motor Corporation; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota Defendants"); and Ford Motor Company ("Ford") as Defendants. *Id.* The Complaint states that Ockmand is an adult resident citizen of Lamar County, Mississippi. *Id.*

Broadly speaking, the Complaint advances claims against Toyota Defendants and Ford alleging that the RAV4 and F-150 were defectively designed and did not

have proper warnings, which caused the accidents leading to Decedents' deaths. *See generally* Ex. [1-1]. The Complaint contains six counts, quoted verbatim below:

1. Count I- Strict Liability as to the Toyota Defendants
2. Count II-Failure to Warn as to Toyota Defendants
3. Count III- Negligence as to Toyota Defendants
4. Count IV - Strict Liability (failure to equip) as to Defendant Ford
5. Count V - Failure to Warn as to Defendant Ford
6. Count VI - Negligence as to Defendant Ford

*Id.* at 20, 23, 24, 27, 28, 30.

The Complaint identifies Ockmand by name, but it does not set forth any counts specifying a legal theory of recovery against him. *See generally id.* While the Complaint alleges Ockmand was involved in the collision with Decedents, Plaintiff's theories of recovery against the remaining Defendants include assertions that Ockmand could not have avoided the collision due to the defects in the RAV4 and F-150. For example, Plaintiff asserts that Ockmand could not react in time to avoid the collision because the RAV4's battery, and thus its lights, went out after it struck the deer, causing the car to be difficult to see. *See* Ex. [1-1] at 18 ("At the time of the collision, the black RAV4 created a shortened reaction time for Ockmand to avoid the accident due to Reeves' vehicle being disabled and unlit while it was facing east in the southbound lanes of the interstate."). The Complaint also alleges that Ockmand would have avoided or mitigated the collision had his F-150 been equipped with sufficient anti-collision technology. *See id.* at 27 ("If a Forward Collision Warning in the Vehicle had alerted Ockmand to the fact that the RAV4 was sitting disabled in the road in front of him 2.5 seconds before the F-150's impact into the RAV4, Ockmand would have, more likely than not, been able to avoid the

collision or significantly mitigate the severity of the collision and his injuries."); *see also id.* at 28 ("In addition, had Ford's Automatic Emergency Braking ("AEB") system been installed on the F-150, it would have been able to adequately reduce Ockmand's speed so that any collision with the RAV4, should it be unavoidable, was at such a low speed threshold that the decedents would not have received significant injuries.").

The Complaint concludes with a general allegation that all the alleged acts by Defendants caused the damages suffered by each of the Decedents. Ex. [1-1] at 32–33. Plaintiff requests compensatory damages in the amount of five million dollars, plus punitive damages. *Id.*

Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Removing Defendants") filed a Notice [1] of Removal in this Court on March 8, 2024, asserting that the action was removable under 28 U.S.C. §§ 1441 and 1332. Notice [1] at 1. According to the Notice [1], Plaintiff is a citizen of Mississippi; Defendant Toyota Motor Company is a corporate citizen of Japan; Defendant Toyota Motor Sales, U.S.A., Inc. is a corporate citizen of California and Texas; Defendant Toyota Motor Engineering & Manufacturing North America, Inc., is a corporate citizen of Kentucky and Texas; and Defendant Ford is a corporate citizen of Michigan. *Id.* at 3.

While it is apparently undisputed that Defendant Ockmand is a citizen of Mississippi whose presence would destroy complete diversity of citizenship if he is

properly joined as a defendant, the Removal Notice [1] contends that he is improperly joined because "there is 'no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id.* at 4 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Removing Defendants maintain that the state-court complaint does not actually "plead any claim or identify any legal basis for recovery against Ockmand. Instead, Plaintiff's liability claims are limited to the Toyota defendants and Ford." *Id.* at 5.

On March 15, 2024, Ockmand filed a Motion [11] to Dismiss, arguing that the Complaint should be dismissed as to him because it fails to state a cause of action against him. *See* Memo [12] at 4–5. He contends that, if anything, the allegations in the Complaint exonerate him because they assert that the vehicles' defective designs prevented him from avoiding the collision with Decedents' vehicle. *See id.*

Plaintiff, in turn, filed a Motion [14] to Amend her Complaint on April 2, 2024. She asserts that she can amend her pleading as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), and alternatively requests permission to amend with the Court's leave under Rule 15(a)(2). Memo [15] at 3–4. Plaintiff claims she is seeking to add "more specific allegations against Defendant Ockmand [to] make it clear that Defendant Ockmand contributed to the subject collision." *Id.* She points out that there is another case pending in state court, Cause No. 37:23CV077, brought by Benjamin Michael Reeves as Administrator of Darryl Reeves's estate and as Next Friend of LMR, and claims that allegations against the

5

Defendants, including Ockmand, in that case provided notice of the claims in the present proposed amended complaint such that the proposed amendment would not prejudice Defendants. *See id.* The proposed amended complaint adds to the initial complaint, "Count VII - Negligence as to Defendant Paul Ockmand, Jr." Ex. [14-1] at 31.

Plaintiff also filed a Response [16] to Ockmand's Motion [11] to Dismiss on April 2. She argues in that Response [16] that, in the initial Complaint, she "alleged at least some facts showing she is entitled to relief under each claim," and that her allegations that Ockmand collided with Decedents' vehicle were enough to raise the reasonable inference that he was negligent in causing the collision between his Ford F-150 and the Decedents' RAV4. Resp. [16] at 1, 5. She argues in the alternative that she can amend her complaint as of right under Rule 15—or that the Court should give her leave to do so—and that the proposed amended complaint, if filed, would cure any deficiencies in the initial Complaint. *See id.* at 6.

Plaintiff likewise moved to remand on April 7, 2024. Mot. [17]. She contends in this Motion [17] that the initial Complaint—which was the operative pleading at the time of removal—contains sufficient allegations to establish a negligence claim against Ockmand. Memo [18] at 5–6. For example, she argues that Paragraph 105 asserts that "Defendant Ockmand collided with the disabled and unlit RAV4," giving rise to a "reasonable inference" that "Defendant Ockmand failed to observe or otherwise avoid the collision with the RAV4 positioned in his lane of travel." *Id.* (citing Ex. [1-1] at 17, ¶ 105). Plaintiff also argues that Complaint's Prayer for

6

Relief "pleads, in part, that Defendant Ockmand's actions were the direct and proximate cause of the subject crash," and that the collision caused significant injuries to Decedent Courtney Turner Reeves. *Id.*

Plaintiff alternatively argues that the Court can look to the allegations in the proposed amended complaint to determine whether Ockmand's joinder is proper. *Id.* at 6. She contends that the "additional factual allegations" in the proposed amended complaint "seek to remedy the omission, if any, in Plaintiff's pleadings." *Id.* at 7. Defendants oppose Plaintiff's Motions [14], [17]. *See* Resp. [21] (filed by Ockmand); Resp. [23], [28] (filed by Ford); Resp. [24], [26] (filed by Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc.).

## II. DISCUSSION

A.  Subject-matter jurisdiction, removal, and post-removal amendments

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). As 28 U.S.C. § 1441(a) provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a).

7

Under 28 U.S.C. § 1332(a), a federal court has original subject-matter jurisdiction where the matter in controversy exceeds $75,000.00 and is between citizens of different states, or is between citizens of one state and citizens or subjects of a foreign state.  *See* 28 U.S.C. § 1332(a).  Section 1332(a) mandates "complete diversity between all plaintiffs and all defendants."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  To establish complete diversity, the party invoking the Court's jurisdiction must "*distinctly* and *affirmatively* allege[]" the citizenship of all parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original) (quotation omitted).

According to the traditional rule against a plaintiff's improper joinder of a non-diverse defendant to defeat diversity and prevent removal to federal court,

> a non-diverse defendant is improperly joined such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.

*Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021).  So, district courts can ignore the presence of a non-diverse defendant when considering whether diversity jurisdiction exists when the plaintiff lacks a viable claim against the non-diverse defendant.  *See id.* (assessing "whether [the defendant] has demonstrated that the [plaintiff] lacks a viable state law cause of action against the non-diverse defendant").  Whether a claim against a non-diverse defendant is viable depends on an "inquiry [that] is virtually identical to the inquiry on a motion to dismiss for failure to state a claim."  *Id.*  "Ultimately, the defendant bears the

burden" to show that a case is removable because of improper joinder. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

To decide whether it has jurisdiction over a removed case, the Court must consider "the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Were this not the rule, "disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay" to both the parties and the courts. *Id.*

In addition, as a general rule, "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Id.*; *see also Bank One Texas Nat. Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) (discussing how "jurisdiction is determined as of the time of removal and post-removal events will generally not deprive the court of jurisdiction"). An exception to this rule occurs when the plaintiff amends a complaint to add a nondiverse defendant in a case removed solely based upon diversity jurisdiction, but 28 U.S.C. § 1447(e) places limitations on such amendments. *See Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (explaining how § 1447(e) trumps Rule 15). The statute provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e).

9

A plaintiff may ordinarily "amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). And under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires" for parties to amend their pleadings outside of cases when they may do so as a matter of course under Rule 15(a)(1). But when an amendment would destroy diversity jurisdiction by adding a nondiverse party, a court "should scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors," including "the defendant's interests in maintaining the federal forum," *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), in applying § 1447(e) to decide whether to permit the amendment.

B.  <u>Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and consideration of jurisdictional facts contained in documents other than the complaint</u>

As discussed above, determining whether a defendant has been improperly joined because the complaint does not state a viable claim against him involves an "inquiry [that] is virtually identical to the inquiry on a motion to dismiss for failure to state a claim." *Williams*, 18 F.4th at 812. To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation omitted); *see also Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016). A claim does not need detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the

10

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citations omitted), a claimant must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In *Cavallini*, the Fifth Circuit concluded that Cunningham, an individual in-state defendant, was improperly joined, and affirmed the district court's denial of the plaintiffs' motion to remand. 44 F.3d at 260. The operative complaint named State Farm, a diverse defendant, and Cunningham "as a defendant in the caption and introductory paragraph, and listed [him] as such in paragraph I, which provide[d] addresses for service of process." *Id.* The second paragraph of the complaint asserted, "without supporting allegations, a 'failure of the Defendants' to exercise a duty of good faith." *Id.* The complaint went on to specifically state claims for breach of contract and breach of the duty of good faith and fair dealing against State Farm. *Id.* Plaintiffs then sought damages "only 'as a result of the failure of the Defendants State Farm Insurance Companies and State Farm Mutual Automobile Insurance Company' to pay policy benefits," "without mentioning Cunningham," before also generally seeking exemplary damages for "gross misrepresentations made by the Defendants" and a judgment against "Defendants, jointly and severally." *Id.* at 260–61. The Court of Appeals agreed with the district

11

court that the complaint "fail[ed] to state a claim against Cunningham," and that Cunningham was therefore improperly joined. *Id.*

*Cavallini* then recognized that "fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony" to determine subject-matter jurisdiction. *Id.* at 263 (quoting *Ford v. Elsbury,* 32 F.3d 931, 935 (5th Cir. 1994)). But the Fifth Circuit concluded that the plaintiffs could not use affidavits to support their argument that the complaint stated a claim against Cunningham because there was no authority supporting the proposition that "a claim [can] be[] stated against [a] nondiverse defendant under a legal theory not alleged in the state court complaint." *Id.*

The Fifth Circuit likewise affirmed the district court's denial of the plaintiffs' motion to amend their complaint to add allegations against Cunningham "because a complaint amended post-removal cannot divest a federal court of jurisdiction." *Id.* at 264 (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939)). Although the Court of Appeals recognized that an amended complaint could clarify a jurisdictional issue, the plaintiffs' operative complaint did "not contain allegations against Cunningham that state[d] a claim for relief under either of the two legal theories pleaded" at all. *Id.* at 265. So, the "proposed amended complaint [did] not clarify the jurisdictional facts at the time of removal; it attempt[ed] instead to amend away the basis for federal jurisdiction." *Id.* The Fifth Circuit emphasized that a plaintiff cannot "amend the complaint in order to state a claim against the

nondiverse defendant, and thus divest the federal court of jurisdiction," and it affirmed the denial of the motion to remand. *Id.*

C. <u>Whether to dismiss claims against Defendant Ockmand, permit Plaintiff to amend her complaint, or remand</u>

Here, the Court is of the view that the foregoing authorities support the conclusion that the Complaint should be dismissed as against Ockmand, and the Motion [17] to Remand should be denied, because the operative complaint does not state a claim against Ockmand. The state-court complaint, which is the operative pleading, *see Cavallini*, 44 F.3d at 260–264, does not state a legal theory of recovery against Ockmand. It names him "as a defendant in the caption and introductory paragraph," and it seeks damages from Defendants collectively, but that does not mean the Complaint states a claim against Ockmand. *See id.* at 260–61. Although the Complaint does assert that Ockmand collided with Decedents' vehicle, causing injuries to the Decedents, it only does so in stating claims against the car company Defendants. *See* Ex. [1-1] at 17, 24. In fact, the Complaint alleges that problems with the two vehicles rendered avoiding the collision more difficult or impossible. *See id.* at 18 ("At the time of the collision, the black RAV4 created a shortened reaction time for Ockmand to avoid the accident due to Reeves' vehicle being disabled and unlit while it was facing east in the southbound lanes of the interstate."); *id.* at 27 ("If a Forward Collision Warning in the Vehicle had alerted Ockmand to the fact that the RAV4 was sitting disabled in the road in front of him 2.5 seconds before the F-150's impact into the RAV4, Ockmand would have, more

13

likely than not, been able to avoid the collision or significantly mitigate the severity of the collision and his injuries.").

To support her argument that the Court can consider her proposed amended complaint, Ex. [14-1], in determining jurisdiction, Plaintiff cites *Johnson v. Packaging Corp. of Am.*, No. CV 18-613-SDD-EWD, 2019 WL 1271053 (M.D. La. Feb. 27, 2019), *report and recommendation adopted*, No. CV 18-613-SDD-EWD, 2019 WL 1271009 (M.D. La. Mar. 19, 2019), a case involving negligence claims by paper mill employees against, *inter alia*, their employer and manager, *see id.* at *2. While that court considered allegations contained in a proposed amended complaint in deciding a motion to remand—where subject-matter jurisdiction was premised on the operative complaint's purported failure to state a claim against a nondiverse individual defendant—that case does not alter this Court's analysis. *See id.* at *9–10. There, the operative pleading—the complaint at the time of removal—alleged "claims of negligence, gross negligence, and intentional tort against all defendants." *Id.* at *10. Though the complaint asserted no specific factual allegations against the nondiverse defendant other than that he "was the mill manager at the time of the incident," the court in *Johnson* concluded that negligence claims against the defendants collectively, in addition to the allegation that the nondiverse defendant was the manager at the time of the incident, were sufficient to state a claim against the manager, such that the proposed amended complaint would only "clarify and amplify Plaintiffs' claim against [the manager] as those claims existed when this suit was removed." *Id.*

14

Here, unlike in *Johnson*, the operative complaint at the time of removal does not "state a claim upon which relief can be granted" against Ockmand at all. Fed. R. Civ. P. 12(b)(6). Accordingly, the case was properly removed initially, and any purported claims against Ockmand should be dismissed. The Court will therefore dismiss the Complaint as against Ockmand and deny the Motion [17] to Remand. *See Williams*, 18 F.4th at 812. Because the Court must address subject-matter jurisdiction before considering the merits of the case, *Smallwood*, 385 F.3d at 576, the Court will first dismiss the Complaint as against Ockmand given his improper joinder and deny the Motion [11] to Dismiss as moot, *see Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) ("[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").

Turning to Plaintiff's Motion [14] to Amend, the Court will deny it because at this time the "proposed amended complaint does not clarify the jurisdictional facts at the time of removal; it attempts instead to amend away the basis for federal jurisdiction." *Cavallini*, 44 F.3d at 265. Again, unlike in *Johnson*, the proposed amended complaint here cannot be said to flesh out a theory of recovery asserted against Ockmand, because the operative Complaint does not allege any such theory. *See generally* Ex. [1-1]. Importantly, were the Court to permit Plaintiff to "amend away the basis for federal jurisdiction," *Cavallini*, 44 F.3d at 265, then she could circumvent 28 U.S.C. § 1447(e)'s limitation on amending complaints to add

15

nondiverse parties by improperly joining a nondiverse defendant in state court and then amending her complaint under Rule 15 to add claims against the nondiverse defendant.

The Court will, however, deny Plaintiff's Motions [14], [17] and dismiss the Complaint as against Ockmand without prejudice, in that Plaintiff may move again for permission to file an amended complaint to state a claim against Ockmand. *Cf. Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (discussing a district court's discretion to permit a plaintiff to file another complaint to provide a "fair opportunity to make his case" (quoting *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986))). But Plaintiff will need to persuade the Court why it should permit an amendment to add a nondiverse party under § 1447(e), rather than exercise its discretion to deny the amendment, because the statute governs amendments proposing to add a nondiverse party under these circumstances.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Reynolds's Motion [17] to Remand is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Kimberly Reynolds's Motion [14] to Amend her Complaint is **DENIED WITHOUT PREJUDICE** to a subsequent, properly filed motion to amend her complaint under 28 U.S.C. § 1447(e) to add Defendant Paul Ockmand, Jr. as a party.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Complaint is **DISMISSED** as against Defendant Paul Ockmand, Jr., and his Motion [11] to Dismiss is **DENIED AS MOOT, WITHOUT PREJUDICE** to potential claims Plaintiff may raise in a subsequent amended complaint, if the Court permits her to file such a complaint under 28 U.S.C. § 1447(e).

**SO ORDERED** this the 6th day of June, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE